# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HENRIETTA M. MORRIS,
         Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
         Agency.

DOCKET NUMBER
CH-844E-16-0040-I-1

DATE: April 13, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Henrietta M. Morris</u>, Danville, Illinois, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a final decision from the Office of Personnel Management (OPM) as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On February 2, 2015, OPM issued a reconsideration decision that disallowed the appellant's application for disability retirement under the Federal Employees' Retirement System. Initial Appeal File (IAF), Tab 5 at 8-9. According to the appellant, she received the reconsideration decision on that date, and it informed her of her right to appeal the denial of her application for disability retirement to the Board within 30 days after the date of the decision, or 30 days after receipt of the decision, whichever was later. IAF, Tab 1 at 5, Tab 5 at 9. The appellant filed her appeal on October 15, 2015. IAF, Tab 1 at 1. The administrative judge issued a timeliness order informing the appellant that there was a question whether her appeal was filed within the time period required by the Board's regulations. IAF, Tab 3. The administrative judge ordered the appellant to file evidence and argument that her appeal was timely filed or that good cause existed for the filing delay. *Id*. at 3. The appellant did not respond to the timeliness order.

¶3    In the initial decision, the administrative judge dismissed the appeal, finding that it was untimely filed without good cause shown for the delay.  IAF, Tab 6, Initial Decision (ID).  Specifically, the administrative judge found that the appellant filed her appeal more than 7 months after the filing deadline date of March 4, 2015, and, despite explicit instructions in the timeliness order, she did not show that her appeal was timely filed or that good cause existed for waiving the filing deadline.  ID at 2‑3.

¶4    The appellant has filed a petition for review in which she argues that the administrative judge erred in dismissing her appeal as untimely filed because her doctor submitted her appeal papers and medical evidence on May 19, 2015, and that she responded to the administrative judge.  Petition for Review (PFR) File, Tab 1 at 5.  OPM has filed a response in opposition to the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board's regulations provide that an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency decision, whichever is later.  5 C.F.R. § 1201.22(b).  To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014); *Alonzo v. Department of Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her appeal.  *Marcantel*, 121 M.S.P.R. 330, ¶ 10.

¶6        OPM issued its reconsideration decision disallowing the appellant's application for disability retirement on February 2, 2015, and, as noted, the appellant conceded that she received the decision on that day. IAF, Tab 5 at 8‑10. OPM properly informed the appellant of her right to appeal the decision to the Board and that any appeal had to be filed "within 30 calendar days after the date of this decision, or 30 days after the receipt of this decision, whichever is later." *Id*. at 9. In addition, the appellant does not dispute that OPM's decision informed her of the Board's 30-day filing limit. ID at 3. Therefore, the agency informed the appellant of the Board's 30-day filing limit and that she had until March 4, 2015, to timely file an appeal. *Id*.

¶7        The administrative judge found that the appellant failed to respond to his October 22, 2015 order to provide evidence and argument regarding the timeliness of the petition for appeal or the existence of good cause for the filing delay. ID at 2. On review, the appellant asserts that she responded by facsimile transmittal "a week later in [October] 2015." PFR File, Tab 1 at 6. The Board's records do not contain such a submission. Moreover, the appellant fails to provide documentation demonstrating transmittal or receipt of the document, and she provides no explanation of the details surrounding the purported submission of her response, including where precisely she sent the submission. PFR File, Tab 1. Thus we find no error in the administrative judge's finding that she failed to respond. *See Bryant v. Department of the Navy*, 59 M.S.P.R. 70, 72 (1993) ("[I]n the absence of any statement from the appellant as to the specific date on which he ostensibly filed his petition for review, or any other evidence tending to show that he timely filed his initial petition, we find that he has not made such a showing.").

¶8        As a general rule, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Thus, we

need not consider the arguments submitted by the appellant for the first time on review. Even if we were to consider the arguments presented by the appellant in her petition for review, they fail to show that she timely filed her appeal or that good cause exists for the filing delay.

¶9        On review, the appellant asserts that on May 19, 2015, she witnessed her doctor submit her appeal papers and medical evidence to the Board by facsimile transmittal. PFR File, Tab 1 at 5. The appellant argues that she did not receive a response confirming the Board's receipt of these documents, and, as a result, she followed up with the Board in October 2015. *Id.* At this time, the appellant explains that the Board informed her that it never received these documents and sent her "more appeal papers." *Id.* According to the appellant, she completed the appeal papers and sent them to the Board via facsimile transmittal in October.[2] *Id.* Even if we were to find that the appellant properly had filed her Board appeal on May 19, 2015, however, such an appeal would have been filed more than 2 months late, and the appellant has failed to present any evidence—either below or on review—to support a finding that good cause exists for her untimely filing.

¶10        For these reasons, we affirm the administrative judge's decision to dismiss the appeal as untimely filed with no showing of good cause for the delay.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[2] The record shows that the appellant faxed her appeal to the Board on October 15, 2015. IAF, Tab 1.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.